UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEERA JEAN-MARIE,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 12-05423-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On June 27, 2012, Sheera Jean-Marie ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income Disability benefits. The Commissioner filed an Answer on October 15, 2012. On December 28, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff is a 35 year old female who applied for Social Security Disability Insurance benefits on July 19, 2007, and for Supplemental Security Disability Income benefits on July 24, 2007, alleging disability beginning March 1, 2001. (AR 18.) Plaintiff did not engage in substantial gainful activity from the March 1, 2001, alleged onset date of disability through December 30, 2009. (AR 21.)

Plaintiff's claims were denied initially on November 9, 2007, and affirmed in an unfavorable decision dated February 26, 2009. (AR 18.)

On June 12, 2009, the Appeals Council vacated the February 26, 2009, unfavorable decision and remanded the case to obtain a State Agency mental consultative examination ("CE"), as well as for further evaluation of Plaintiff's substantial gainful activity and the severity of her impairments. (AR 18.)

Accordingly, a hearing was held before Administrative Law Judge ("ALJ") David G. Marcus on May 25, 2010, in Downey, California. (AR 18.) Claimant appeared and testified at the hearing. (AR 18.) Plaintiff was represented by counsel. (AR 18.) Vocational expert ("VE") Randi Langford-Hetrick also appeared and testified at the hearing. (AR 18.) The ALJ issued a partially favorable decision on August 4, 2010. (AR 18-28.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as the grounds for reversal and remand:

1. Whether the ALJ disability determination for the period July 20, 2007, through November 30, 2009, is supported by substantial evidence.
2. Whether the ALJ's credibility determination is supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

§ 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity from the March 1, 2001, alleged onset date of disability through December 30, 2009. (AR 21.)

At step two, the ALJ determined that prior to July 20, 2007, Plaintiff had not had any medically determinable impairments and, thus, was "not disabled" on July 20, 2007, the date last insured. (AR 21-22. ) The ALJ also determined that since July 20, 2007, Plaintiff has had the following severe impairments: post-traumatic stress disorder, psychotic disorder NOS, and asthma. (AR 23.)

At step three, the ALJ determined that from July 20, 2007, through November 30, 2009, the period during which Plaintiff was considered disabled, Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subp. P, App. 1 (20 C.F.R. § 416.920(d). (AR 23.)

The ALJ then found that from July 20, 2007, through November 30, 2009, Plaintiff had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> Plaintiff is limited to performing no more than simple, repetitive tasks; she requires extra time to process standard workload demands; she is unable to work without supervision, but she can have no more than minimal contact with the public, co-workers and supervision; and she is precluded from exposure to dust, fumes and pulmonary irritants.

(AR 24.)

At step four, the ALJ found that from July 20, 2007, through November 30, 2009, Plaintiff was unable to perform her past relevant work as a fast food worker, in-home service worker, tool crib attendant, and telemarketer. (AR 25.) The ALJ also found that from July 20, 2007, through November 30, 2009, considering Claimant's age, education, work experience,

and RFC, there were no jobs that existed in significant numbers in the national economy that Claimant could have performed. (AR 25.) Consequently, the ALJ concluded that Claimant was under disability only from July 20, 2007, through November 30, 2009. (AR 26.)

The ALJ, however, found that medical improvement occurred as of December 1, 2009, and as a result Claimant's disability ended. (AR 26.) The ALJ determined as of that date that Claimant has been engaging in substantial gainful activity, which is an indication that her medical condition has improved, and such improvement is related to the ability to work. (AR 27.)

After consideration of the entire record, the ALJ found that, beginning on December 1, 2009, Claimant has had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> Claimant is limited to simple, repetitive tasks, and she is precluded from exposure to dust, fumes and pulmonary irritants.

(AR 26.) In determining the above RFC, the ALJ made an adversity credibility finding, noting that Claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible beginning on December 1, 2009, to the extent inconsistent with the above RFC. (AR 27.)

The ALJ found that Plaintiff was engaged in substantial gainful activity as of December 1, 2009. (AR 27.) Consequently, the ALJ concluded that Claimant's disability ended on November 30, 2009, and that Claimant is no longer disabled within the meaning of the Social Security Act. (AR 27-28.)

**DISCUSSION**

The ALJ decision must be reversed. The ALJ's disability onset date is not supported by substantial evidence. The record is not clear when Plaintiff's impairment became disabling and the ALJ erred by failing to call a medical expert to assist in determining the proper date of onset of disability.

Additionally, the ALJ's conclusion that Plaintiff was not disabled after December 1, 2009, because of substantial gainful activity ("SGA") is unsupported by substantial evidence

and insufficiently developed. The ALJ failed to consider whether Plaintiff's supposed SGA is rebutted by special accommodations pursuant to 20 C.F.R. § 404.1573(c).

The ALJ non-disability determination is not supported by substantial evidence nor free of legal error.

## I. THE DISABILITY ONSET DATE IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff alleged a disability onset date of March 1, 2001. (AR 214.) Plaintiff, however, was incarcerated through June 29, 2007 (AR 58), and is not eligible for DIB and SSI payments for the period of incarceration. 20 C.F.R. § 404.468. The ALJ found that there were no records dated before July 20, 2007, and thus no medical signs or laboratory findings to substantiate the existence of any severe impairment prior to that date. (AR 22, 427, 442.)

The ALJ, however, found that Plaintiff had the medically determinable severe impairments of post-traumatic stress disorder ("PTSD"), psychotic disorder and asthma, and was disabled beginning July 20, 2007, and extending through November 30, 2009. (AR 23-26.) Plaintiff argues that there is no evidence of any traumatic incident that occurred between June 30, 2007, and July 20, 2007, and that the ALJ should have inferred that these impairments were present on June 30, 2007, the date last insured. Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996.)

The Court agrees, although for somewhat different reasons. SSR 83-20 specifically provides that the onset of disability date can be inferred based on medical evidence:

> In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.

Precise Evidence Not Available – Need for Inferences

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

SSR 83-20.

Cases in the Ninth Circuit have held that, where the medical record is ambiguous, the ALJ commits error by failing to call a medical expert to aid in determining the date of onset. Armstrong v. Commissioner of Social Security Administration, 160 F.3d 587, 590-591 (9th Cir. 1998); Rodriguez v. Astrue, 2012 WL 4848643, at *4-*5 (C.D. Cal. Oct. 11, 2012). The latter case notes the ALJ has the duty to fully and fairly develop the record where the evidence is ambiguous and this duty is heightened when the claimant is mentally ill. Id. at *4, citing Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

Here, the record plainly is ambiguous as to the disability onset date. The July 20, 2007, medical visit certainly suggests that Plaintiff's impairments existed on June 30, 2007, but such an inference is not for the ALJ to make. SSR 83-20 provides that the ALJ is to call a medical expert to make any inferences of that sort. The ALJ erred in failing to call a medical expert in determining the appropriate onset date.

The Commissioner provides little response to Plaintiff's argument and does not even discuss Armstrong. The Commissioner's only argument is that SSR 83-20 does not alter or eliminate the regulatory requirement of medical evidence to establish the existence of an impairment. Yet the medical evidence that came into existence on July 20, 2007, is a proper basis for inferring that an impairment existed on June 30, 2007, and testimony to that effect by a medical expert as directed by SSR 83-20 would be medical evidence establishing an

impairment. The Commissioner's argument would render SSR 83-20 inoperable by making inferences impossible.

The ALJ erred in not calling a medical expert to determine whether the disability onset date of Plaintiff's impairments reasonably should extend back to June 30, 2007, the date last insured. The ALJ's disability onset date of July 27, 2007 is not supported by substantial evidence.

## II. THE ALJ'S DISABILITY TERMINATION DATE IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ found that medical improvement had occurred as of December 1, 2009, based largely on Plaintiff engaging in substantial gainful activity ("SGA") after that date. (AR 26-27.) The ALJ and the parties, however, failed to consider whether Plaintiff's supposed SGA is rebutted by "special accommodations." 20 C.F.R. § 404.1573(c). Consequently, the ALJ's medical improvement/SGA findings are not supported by substantial evidence.

### A. Relevant Legal Standards Regarding Medical Improvement

An individual is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). "Once a claimant has been found to be disabled, . . . a presumption of continuing disability arises in her favor[, and the Commissioner] bears the burden of producing evidence sufficient to rebut this presumption of continuing disability." Bellamy v. Sec'y of Health & Human Serv., 755 F.2d 1380, 1381 (9th Cir. 1985); see also Murray v. Heckler, 722 F.2d 499, 500 (9th Cir. 1983) (disability benefits cannot be terminated without evidence of improvement which is reviewed under the substantial evidence standard).

A recipient whose condition has improved medically so that he or she is able to engage in substantial gainful activity is no longer disabled. 42 U.S.C. § 1382c(a)(4); 20 C.F.R § 416.994; Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1459 (9th Cir. 1995). A medical improvement is:

[A]ny decrease in the medical severity of [a recipient's] impairment(s) which was present at the time of the most recent favorable medical decision that

  [the recipient was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the recipient's] impairment(s) . . . .

20 C.F.R § 416.994(b)(1)(i), (2)(i).

  The ALJ applied and followed the seven-step evaluation process set forth in 20 C.F.R. § 416.994 to determine if a claimant continues to be disabled.

  At step one, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). If the claimant does, her disability continues (20 C.F.R. § 416.994(b)(5)(i)).

  At step two, the ALJ must determine whether medical improvement has occurred (20 C.F.R. § 416.994(b)(5)(ii)). Medical improvement is any decrease in medical severity of the impairment(s) as established by improvement in symptoms, signs, and/or laboratory findings (20 C.F.R. § 416.994(b)(1)(i)). If medical improvement has occurred, the analysis proceeds to the third step. If not, the analysis proceeds to the fourth step.

  At step three, the ALJ must determine whether medical improvement is related to the ability to work (20 C.F.R. § 416.994(b)(5)(iii)). Medical improvement is related to the ability to work if it results in an increase in the claimant's capacity to perform basic work activities (20 C.F.R. § 416.994(b)(1)(iii)). If it does, the analysis proceeds to the fifth step.

  At step four, the ALJ must determine if an exception to medical improvements applies (20 C.F.R. § 416.994(b)(5)(iv)). There are two groups of exceptions (20 C.F.R. § 416.994(b)(3) and (b)(4)). If one of the first group exceptions applies, the analysis proceeds to the next step. If one of the second group exceptions applies, the claimant's disability ends. If none apply, the claimant's disability continues.

  At step five, the ALJ must determine whether all the claimant's current impairments in combination are severe (20 CFR § 416.994(b)(5)(v)). If all current impairments in combination

do not significantly limit the claimant's ability to do basic work activities, the claimant is no longer disabled. If they do, the analysis proceeds to step six.

At step six, the ALJ must assess the claimant's residual functional capacity based on the current impairments and determine if she can perform past relevant work (20 CFR § 416.994(b)(5)(vi)). If the claimant has the capacity to perform past relevant work, her disability has ended. If not, the analysis proceeds to step seven.

At step seven, the ALJ must determine whether other work exists that the claimant can perform, given her residual functional capacity and considering her age, education, and past work experience (20 CFR § 416.994(b)(5)(vii)). If the claimant can perform other work, she is no longer disabled. If the claimant cannot perform other work, her disability continues. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given her residual functional capacity, age, education, and work experience.

**B.    Analysis**

The ALJ found Claimant to be disabled from July 20, 2007, through November 30, 2009. (AR 26.) The ALJ treated these jobs as unsuccessful work attempts that are not substantial gainful activity. (AR 22.) Following her incarceration, Claimant worked a number of jobs of short duration, but left most of them due to an inability to get along with others in the workplace. (AR 22.) Because of the extensive history of trauma in her past, Claimant has recurrent nightmares and has frequent angry outbursts. (AR 24.)

The ALJ, however, found medical improvement as of December 1, 2009. The ALJ decision followed the decision-making framework for medical improvement set forth above. There is but slight evidence, however, of medical improvement. The only fact cited is significant mental health counseling after release from incarceration. (AR 24.) There is considerable evidence cited in the ALJ decision indicating that medical improvement did not occur, including the 2010 psychological consultative examination of Dr. Forbes. (AR 24-25.) Dr. Forbes found Claimant needs an extended amount of time to complete simple and repetitive vocational tasks,

has strong hypervigilant reactions consistent with PTSD, and is not capable of dealing with the public on a consistent basis. (AR 24.) Dr. Forbes opined that Claimant is "probably unable to work a full work week without interruption caused by her psychological problems at this time." (AR 638.) In her current telemarketing job, she was warned after getting into an argument with a co-worker and pushing her. (AR 99.) She does not get along with her co-workers. (AR 101.) The ALJ found that Claimant continues to struggle with her mental impairment issues, as noted in May 2010 letters from her current employer indicating she is argumentative, hostile and emotionally disabled. (AR 24, 352, 353.)

This case, however, dos not turn on medical evidence or medical improvement. This is a SGA case. Notwithstanding the seven step Social Security regulatory framework, the Ninth Circuit has held that proof of medical improvement is unnecessary where SGA is the issue. Katz v. Sec'y of HHS, 972 F.2d 290, 293 (9th Cir. 1992); Coomer v. Astrue, 446 Fed. Appx. 894, 895 (9th Cir. 2011). As the regulations provide, "If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education and work experience." 20 C.F.R. § 404.1520(b).

Substantial gainful activity is work activity that (1) involves significant physical or mental activities, (2) for pay or profit. 20 C.F.R. § 404.1572. Earnings are the primary consideration in determining whether work activity is substantial gainful activity. Id. at § 1574(a)(1). Earnings are a presumptive but not conclusive sign of SGA. Lewis v. Apfel, 236 F.3d 503, 505 (9th Cir. 2001).

The ALJ in this case did not discuss earnings. The ALJ found that Claimant "has been working on approximately a full-time basis, about 30 hours a week off-and-on (she actually started working part-time in November, 2009 but had to take a leave of absence)." (AR 22.) The ALJ also found that Claimant "has not worked a straight 2 weeks, and she only worked 20 days in January and February 2010, because she has to take leave due to her mental impairments." (AR 22.) On these facts, the ALJ found that Plaintiff is engaging in SGA.

Neither the ALJ nor the parties discussed or gave any consideration to whether Plaintiff's work was done under special conditions that negate a finding of SGA pursuant to 20 C.F.R. § 404.1573(c). Examples of special conditions would include receiving special assistance from

12

other employees, opportunity to work irregular hours or take frequent rest periods, being provided with special equipment, specially arranged circumstances, being permitted to work at a lower standard of efficiency, and the opportunity to work because of a family relationship or an employer's concern for the Claimant's welfare. Id.

Claimant's testimony at the May 25, 2010, hearing requires consideration of § 1573(c). Claimant testified she began her current telemarketing job at Launch Pad Communications in November 2009 on a part-time basis. (AR 95.) She went on a leave for about three weeks. (AR 95.) She returned full-time for six hours a day or 30 hours a week but only off and on (AR 95, 97) because she had multiple leaves of absence. (AR 97.) She never works two straight weeks because she is unable to do so because of the stress. (AR 97.) Claimant testified her supervisor "has been really lenient with me giving me weeks at a time off." (AR 98-99.) She also stated, "I think the only reason I'm there still is because one of my supervisors is sympathetic." (AR 103.) The evidence of record casts doubt on whether Plaintiff can work a full-time job on a regular, continuous basis without frequent, extensive absences from work only permitted by an unusually sympathetic supervisor. The ALJ's failure to evaluate Plaintiff's work under § 1573(c) was error.

Additionally, Plaintiff may qualify for the trial work period provision of 20 C.F.R. § 404.1592. For a nine month period, a disabled claimant may perform services that will not be considered as showing disability has ended. Claimant here had not reached nine months yet on the date of the decision on August 4, 2010. The ALJ decision states that Claimant's current work cannot be considered a trial work period or extended period of eligibility because disability was not established for Title II purposes prior to the date last insured. The ALJ's premise, however, no longer applies because the Court has reversed the ALJ's disability onset date determination. If, on remand, medical testimony establishes Claimant's disability extends back to June 30, 2007, then Claimant's work also may be considered a trial work period under § 1592.[2]

* * *

---

[2] There is no need to consider the ALJ's credibility determination, as it was based entirely on Claimant's supposed SGA. Claimant's attempt to continue working at a stressful job seemingly incompatible with her mental impairments and RFC only enhances her credibility.

13

The ALJ's onset disability date and SGA findings are not supported by substantial evidence nor free of legal error.  The ALJ's non-disability determination is not supported by substantial evidence.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security must be REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: January 18, 2013              */s/ John E. McDermott*
                                             JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE